**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | | |
|---|---|---|
| ALVIN GAMAR STANLEY,<br><br>Plaintiff,<br><br>v.<br><br>GEORGIA DEPARTMENT OF CORRECTIONS, *et al.*,<br><br>Defendants. | : | No. 5:26-cv-319-TES-CHW |

## ORDER

Plaintiff Alvin Stanely, an inmate in the Fulton County Jail, filed a civil rights complaint under 42 U.S.C. § 1983. ECF No. 1. Plaintiff did not submit his pleading on the required § 1983 complaint form,[1] pay the filing fee, or move to proceed *in forma pauperis* ("IFP"). Accordingly, Plaintiff is **ORDERED** to (1) recast his complaint on a standard form, and (2) either pay the $405.00 filing fee or submit a properly completed motion to proceed IFP. Plaintiff must complete the entire IFP application by filling out the motion and declaration as well as submitting "a certified copy of [his] trust fund account statement (or institutional equivalent) . . . for the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2).

The recast complaint must contain a caption that clearly identifies, by name, each individual that Plaintiff has a claim against and wishes to include as a defendant in this

[1]Plaintiff also did not sign his complaint, and the Clerk issued a deficiency notice, directing him to re-file a signed document. In lieu of re-filing his original complaint, Plaintiff is ordered to file a signed recast complaint on the Court's standard form as directed herein.

action. Plaintiff is to name only the individuals associated with the claim or related claims that he is pursuing in this action. Plaintiff must then tell the Court exactly how that individual violated his constitutional or federal statutory rights, including (1) what each defendant did (or did not do) to violate his rights; (2) when and where each action occurred; and (3) how Plaintiff was injured as a result of each defendant's actions. Plaintiff must complete the entire complaint form.

Plaintiff's recast complaint **shall take the place of all allegations made in the original pleading**. The Court will only consider the factual allegations and claims contained in Plaintiff's recast complaint on the enclosed § 1983 form. Thus, any fact Plaintiff deems necessary to his lawsuit should be clearly stated in his recast complaint, even if Plaintiff has previously alleged it in another filing. As stated above, Plaintiff must name each defendant he wishes to sue and if Plaintiff fails to link a named defendant to a claim, the claim will be dismissed.

**MOTION FOR APPOINTED COUNSEL**

Plaintiff also moves for appointment of counsel (ECF No. 2). Plaintiff claims appointed counsel is necessary due to his health issues, the complexity of the case, and fear for his family's safety. ECF No. 2 at 1.

"Appointment of counsel in a civil case is not a constitutional right." *Fowler v. Jones*, 899 F.2d 1088, 1096 (11th Cir. 1990). "A court's appointment of counsel in a civil case is warranted only in exceptional circumstances, and whether such circumstances exist is committed to the district court's discretion." *Smith v. Fla. Dep't of Corr.*, 713 F.3d 1059, 1063 (11th Cir. 2013) (per curiam) (citing *Steele v. Shah*, 87 F.3d 1266, 1271 (11th

Cir. 1996)). In determining whether a case presents extraordinary circumstances, the Court considers

> (1) the type and complexity of the case; (2) whether the plaintiff is capable of adequately presenting his case; (3) whether the plaintiff is in a position to adequately investigate the case; (4) whether the evidence "will consist in large part of conflicting testimony so as to require skill in the presentation of evidence and in cross examination"; and (5) whether the appointment of counsel would be of service to the parties and the court "by sharpening the issues in the case, shaping the examination of witnesses, and thus shortening the trial and assisting in a just determination." The District Court may also inquire into whether the plaintiff has made any effort to secure private counsel.

*DeJesus v. Lewis*, 14 F.4th 1182, 1204-05 (11th Cir. 2021) (quoting *Ulmer v. Chancellor*, 691 F.2d 209, 213 (5th Cir. 1982)).

The Court has considered Plaintiff's motion and—after applying the factors set forth above—concludes that the appointment of counsel is not justified. Initially, the Court notes that Plaintiff's request is premature because he has not yet filed a complaint on the Court's standard form or demonstrated his entitlement to proceed IFP. Further, a review of Plaintiff's unsigned original complaint demonstrates that he is able to articulate his factual contentions in this matter. Plaintiff, "like any other litigant[], undoubtedly would [be] helped by the assistance of a lawyer, but [his] case is not so unusual" that appointed counsel is necessary. *Bass v. Perrin*, 170 F.3d 1312, 1320 (11th Cir. 1999). As such, Plaintiff's motion for appointment of counsel (ECF No. 2) is denied.

## CONCLUSION

In summary, Plaintiff's motion for appointment of counsel (ECF No. 2) is **DENIED**. Plaintiff shall have **FOURTEEN (14) DAYS** from the date of this Order to (1) refile his

complaint on the Court's standard § 1983 form, and (2) either pay the $405.00 filing fee or submit a properly completed motion to proceed IFP. The **CLERK** is **DIRECTED** to mail Plaintiff a standard 42 U.S.C. § 1983 complaint form, and a copy of the Court's standard IFP application and associated documents with this Order. Plaintiff must immediately inform the Court in writing of any change in his mailing address and failure to do so may result in dismissal of this action. Plaintiff's failure to fully and timely comply with this Order may result in the dismissal of this action.

**SO ORDERED** and **DIRECTED**, this 5th day of August, 2026.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge