**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | | |
|---|---|---|
| **ALVIN GAMAR STANLEY,** | : | |
| **Plaintiff,** | : | |
| **v.** | : | **No. 5:26-cv-319-TES-CHW** |
| **GEORGIA DEPARTMENT OF CORRECTIONS, *et al.*,** | : | |
| **Defendants.** | : | |

**ORDER**

Plaintiff Alvin Stanely, an inmate in the Fulton County Jail, filed a civil rights complaint under 42 U.S.C. § 1983. ECF No. 1. Plaintiff did not submit his pleading on the required § 1983 complaint form, pay the filing fee, or move to proceed *in forma pauperis* ("IFP"). On August 5, 2026, the Court ordered Plaintiff to recast his complaint using the required 42 U.S.C. § 1983 form[1] and instructed him to pay the $405.00 filing fee or submit a properly completed motion to proceed IFP. ECF No. 4 at 1. Plaintiff was given fourteen (14) days to respond, and he was warned that the failure to fully and timely comply with the order could result in the dismissal of this case. *Id.* at 3-4. The time for compliance passed without Plaintiff filing a recast complaint, paying the filing fee, or moving to proceed IFP. Instead, Plaintiff filed two motions to appoint counsel (ECF Nos. 5, 6) and a motion for criminal charges to be filed against various Georgia Department of Corrections employees and contractors (ECF No. 7). For the reasons stated herein, Plaintiff's motions for appointment of counsel and motion for criminal charges to be filed are denied.

[1] Plaintiff also failed to sign his original complaint, and the Clerk issued a deficiency notice, directing him to re-file a signed document. However, the Court instructed him to instead file a signed recast complaint on the Court's standard form as directed in its Order. ECF No. 1 at 1 n.1.

Further, Plaintiff is ordered to show cause why this action should not be dismissed for failure to comply with the Court's August 5, 2026, Order.

**MOTIONS FOR APPOINTED COUNSEL**

Plaintiff once again moves for appointment of counsel (ECF Nos. 5, 6). Plaintiff previously moved for appointed counsel (ECF No. 2), and the Court denied the motion. ECF No. 4 at 2-3. As the Court explained to Plaintiff in denying his original motion, "[a]ppointment of counsel in a civil case is not a constitutional right." *Fowler v. Jones*, 899 F.2d 1088, 1096 (11th Cir. 1990). "A court's appointment of counsel in a civil case is warranted only in exceptional circumstances, and whether such circumstances exist is committed to the district court's discretion." *Smith v. Fla. Dep't of Corr.*, 713 F.3d 1059, 1063 (11th Cir. 2013) (per curiam) (citing *Steele v. Shah*, 87 F.3d 1266, 1271 (11th Cir. 1996)). In determining whether a case presents extraordinary circumstances, the Court considers

> (1) the type and complexity of the case; (2) whether the plaintiff is capable of adequately presenting his case; (3) whether the plaintiff is in a position to adequately investigate the case; (4) whether the evidence "will consist in large part of conflicting testimony so as to require skill in the presentation of evidence and in cross examination"; and (5) whether the appointment of counsel would be of service to the parties and the court "by sharpening the issues in the case, shaping the examination of witnesses, and thus shortening the trial and assisting in a just determination." The District Court may also inquire into whether the plaintiff has made any effort to secure private counsel.

*DeJesus v. Lewis*, 14 F.4th 1182, 1204-05 (11th Cir. 2021) (quoting *Ulmer v. Chancellor*, 691 F.2d 209, 213 (5th Cir. 1982)).

The grounds raised in Plaintiff's renewed motions for appointment of counsel are largely the same as those raised in his original motion. He cites his health issues, the complexity of the case, and fear for his family's safety. ECF No. 5 at 1. He also emphasizes his desire to have

criminal charges brought against Defendants. ECF No. 6 at 2. Plaintiff's motions do not show that the appointment of counsel is justified. As it noted in the previous order denying counsel, Plaintiff's request is premature because he has not yet filed a complaint on the Court's standard form or demonstrated his entitlement to proceed IFP. Further, Plaintiff's multiple submissions demonstrate his ability to articulate his factual contentions such as to allow review by the Court. Finally, as explained below, Plaintiff is not entitled to bring criminal charges. Plaintiff, "like any other litigant[], undoubtedly would [be] helped by the assistance of a lawyer, but [his] case is not so unusual" that appointed counsel is necessary. *Bass v. Perrin*, 170 F.3d 1312, 1320 (11th Cir. 1999). As such, Plaintiff's motions for appointment of counsel (ECF Nos. 5, 6) are **DENIED**. Should it later become apparent that legal assistance is required in order to avoid prejudice to Plaintiff's rights, the Court, <u>on its own motion</u>, will consider assisting him in securing legal counsel at that time. Consequently, there is no need for Plaintiff to file additional requests for counsel.[2]

## MOTION FOR CRIMINAL CHARGES

Plaintiff moves for criminal charges to be filed "against Georgia Department of Corrections affiliated staff." ECF No. 7-2 at 1. An individual does not have the right to bring a criminal complaint as a private cause of action. *Smith v. JP Morgan Chase*, 837 F. App'x 769, 770 (11th Cir. 2021)). "[T]he decision of whether to investigate, arrest, or prosecute government officers or officials is within the discretion of the United States Attorney; a decision in which the court will

[2] Plaintiff also requests appointment of investigator. ECF No. 6 at 2. Plaintiff requested appointment of an investigator in a previous case. *Stanley v. Ward*, No. 5:22-cv-413-TES-CHW, 2023 WL 11999153, at *2 (M.D. Ga. Feb. 1, 2023). The Court denied the motion, noting that he had not "identified any legal basis providing this Court with authority to appoint an investigator, nor . . . alleged any facts that would suggest that he [could] not vindicate his rights by simply filing this § 1983 action." *Id.* The same reasoning applies here, and Plaintiff's request for an investigator is also **DENIED**.

not interfere." *Crutcher v. Bolling*, No. 2:16-cv-01422-KOB-JH, 2017 WL 2962358, at *5 (N.D. Ala. May 18, 2017) (citing *Inmates of Attica Corr. Facility v. Rockefeller*, 477 F.2d 375 (2d Cir. 1973)), *recommendation adopted by* 2017 WL 2960534 (N.D. Ala. July 11, 2017); *see Otero v. U.S. Att'y Gen.*, 832 F.2d 141, 141 (11th Cir. 1987) (per curiam) ("[A] private citizen has no judicially cognizable interest in the prosecution or non-prosecution of another."); *Logan v. Hall*, 604 F. App'x 838, 841 (11th Cir. 2015) (per curiam) (finding that the district court "correctly concluded that it was without authority to order an investigation to the criminal acts alleged in the complaint, since that responsibility is entrusted to the executive branch of the government and not the judiciary"); *Davis v. Powell*, No. 7:16-CV-0237-HL-TQL, 2017 WL 11457279, at *5 (M.D. Ga. Apr. 3, 2017) (denying "motion for criminal charges to be filed" and "motion for a federal criminal open warrant," stating that the court had "neither the jurisdiction to institute criminal proceedings nor the authority to order federal or state authorities to initiate an investigation or prosecution" (citing *Otero*, 832 F.2d at 141)), *recommendation adopted by* 2017 WL 11457277 (M.D. Ga. Apr. 17, 2017). Therefore, Plaintiff's motion for criminal charges to be filed (ECF No. 7) is **DENIED**.

## ORDER TO SHOW CAUSE

As Plaintiff was warned, the failure to fully and timely comply with the orders and instructions of the Court is grounds for dismissal. Plaintiff is, therefore, **ORDERED** to **SHOW CAUSE** to the Court, **WITHIN FOURTEEN (14) DAYS** from the date of this Order, why this case should not be dismissed for failure to comply with the August 5, 2026, Order. If Plaintiff wishes to continue with this action, he must recast his complaint on the standard form in compliance with the instructions in the August 5th Order and either pay the $405.00 filing fee or

submit a properly completed motion to proceed IFP, including attaching a certified copy of his trust fund account statement, within **FOURTEEN (14) DAYS** of the date of this Order. **Failure to fully and timely comply with this Order will likely result in the dismissal of this case.** Plaintiff must also notify the Court immediately and in writing of any change in his mailing address. There shall be no service of process until further order of the Court.

**SO ORDERED**, this 24th day of September, 2026.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge